Eastern District of Kentucky
TENDERED
Date: 4-25-11
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:10-CR-29-ART

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                       **PLEA AGREEMENT**

ELAINE BLANKENSHIP                                               DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment. Count 1 charges a violation of 21 U.S.C. § 846, conspiracy to distribute pills containing oxycodone, a Schedule II controlled substance. The Defendant will also enter a guilty plea to the forfeiture allegation. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3 as it applies to this Defendant.

2. The essential elements of Count 1 are:

(a) that two or more persons conspired or agreed to knowingly and intentionally distribute pills containing oxycodone, a Schedule II controlled substance, and

(b) that the Defendant knowingly and voluntarily joined the conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) During the dates charged in the Indictment, Defendant Elaine Blankenship conspired with Theodore Parker, Patrick Byron, and others (known and unknown) to distribute pills containing oxycodone, a Schedule II controlled substance, in the Eastern District of Kentucky, and elsewhere.

(b) Throughout 2009 and 2010, the Drug Enforcement Special Investigations Branch of the Kentucky State Police (KSP-DESI), conducted numerous controlled purchases of pills containing oxycodone from Elaine Blankenship and her conspirators. These controlled purchases were audio/video recorded by KSP DESI, and are as follows:

1. On December 10, 2009, Elaine Blankenship and Theodore Parker sold to an undercover law enforcement officer fifteen (15) pills containing oxycodone from a store parking lot located in Floyd County, Kentucky.

2. On December 11, 2009, Elaine Blankenship sold to an undercover law enforcement officer fifteen (15) pills containing oxycodone from a hotel parking lot located in Pike County, Kentucky.

3. On December 16, 2009, Theodore Parker sold to an undercover law enforcement officer ten (10) pills containing oxycodone from Parker's residence on Island Creek Road located in Pike County, Kentucky.

4. On January 13, 2010, Theodore Parker sold to an undercover law enforcement officer twenty (20) pills containing oxycodone from Parker's residence on Island Creek Road located in Pike County, Kentucky. Patrick Byron was present during part of this controlled purchase.

5. On April 6, 2010, Theodore Parker sold to an undercover law enforcement officer twenty (20) pills containing oxycodone from a pharmacy parking lot located in Pike County, Kentucky. Patrick Byron was present during part of this controlled purchase.

6. On April 21, 2010, Patrick Byron sold to an undercover law enforcement officer five (5) pills containing oxycodone from his residence located in Pike County, Kentucky.

(c) The substances seized during the controlled purchases have been laboratory tested and confirmed to contain oxycodone, a Schedule II controlled substance.

(d) In October 2009, the CW drove Parker to a physician in Wheelersburg, Ohio, whereupon he received prescriptions for Oxycontin (80mg), and Roxicodone (30mg and 15mg) tablets. Once having the prescriptions filled by Marrowbone Pharmacy in Pike County, Kentucky, Parker would sell the medication. Elaine Blankenship drove Parker to the Ohio physician on at least one occasion. From October 27, 2009 to April 1, 2010, Theodore Parker was prescribed 850.5 grams of oxycodone from this Ohio physician. Parker would routinely receive 60 Oxycontin (80mg) tablets and 150 Roxicodone (30 mg) tablets per visit.

(e) Elaine Blankenship resided with Theodore Parker for approximately two months during the fall of 2009. While living with Parker, Elaine Blankenship sold ~~pills~~ approximately 5 OxyContin (80mg) tablets on Parker's behalf on a daily basis.

(f) The parties agree that 390 Oxycontin (80 mg) pills and 150 Roxicodone (30 mg) were foreseeable to Elaine Blankenship in this conspiracy.

6. The maximum statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. The Forfeiture Allegation requires forfeiture of her interest in all assets. A mandatory special assessment of $100 per felony applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 2010, manual, will determine the Defendant's guideline range.
>
> (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by

3

2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, including any order of restitution.

11. The Defendant will forfeit to the United States all interest in the assets listed in the Forfeiture Allegation of the Indictment and will execute any documents necessary for this forfeiture. Defendant further agrees to the entry of a money judgment against her pursuant to the Indictment.

12. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the

United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 4/25/11

By: Christy J. Love
Assistant United States Attorney

Date: 4/25/11

*Elaine Blankenship*
Elaine Blankenship
Defendant

Date: 4/25/11

*Willis G. Coffey*
Willis G. Coffey, Esq.
Attorney for Defendant

**APPROVED**, this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE